# Supreme Court of Florida

No. SC2022-0575

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE 1.440 AND 1.500.**

November 13, 2025

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee has filed a report proposing amendments to Florida Rules of Civil Procedure 1.440 (Setting Action for Trial) and 1.500 (Defaults and Final Judgments Thereon).[1] The Board of Governors of The Florida Bar unanimously recommends acceptance of the proposed rules. The Committee published the proposal for comment, but no comments were received. Thereafter, the Court published the proposal for comment, and one comment was received. Having considered the proposed amendments, the comment filed, and the Committee's

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

response, the Court amends rules 1.440 and 1.500 as proposed by the Committee with minor modification.[2]

First, we amend rule 1.440 to harmonize the language of former subdivision (c) with rule 1.500. These amendments, which define a defaulted party's right to receive notice of a trial, are now incorporated into subdivision (d) (Service on Defaulted Parties). *See In re Amends. to Fla. Rules of Civ. Proc.*, 386 So. 3d 497 (Fla. 2024) (moving part of former subdivision (c) to new subdivision (d)).

Next, we make several changes to rule 1.500. We amend subdivision (a) (By the Clerk) to clarify that a party seeking relief must make a motion for default and serve it on the party to be defaulted before a default can be entered by the clerk. We amend subdivision (b) (By the Court) to clarify that until a clerk or judicial officer enters a default, the party's status in the case has not changed and the party still has a right to notice and to receive service of all filings. Also, we change the title of subdivision (c) to

---

2. In light of these amendments, the commenter suggested amending Florida Rule of Civil Procedure Form 1.980 (Default). We refer this matter to the Committee to consider revisions to form 1.980.

"Right to Plead and Right to Receive Service of Documents." The Court further amends subdivision (c) to reflect that a party must be served all documents in the action until a default is entered. Last, we amend subdivision (e) (Final Judgment) to clarify the several circumstances that may require notice to a defaulted party.

Accordingly, Florida Rules of Civil Procedure 1.440 and 1.500 are amended as set forth in the appendix. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will become effective January 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Maegen Peek Luka, Co-Chair, Civil Procedure Rules Committee, Tampa, Florida, Rebecca Mercier Vargas, Co-Chair, Civil Procedure Rules Committee, Palm Beach Gardens, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Lee Haas of Haas & Castillo, PLLC, Clearwater, Florida,

Responding with comments

# APPENDIX

## RULE 1.440.   SETTING ACTION FOR TRIAL

**(a) – (c)**   [No Change]

**(d)   Service on Defaulted Parties.** In actions in which the damages are not liquidated and when otherwise required by rule 1.500(e), the order setting an action for trial must be served on parties ~~who are in~~against whom a default has been entered in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

**(e)**   [No Change]

### Committee Notes

[No Change]

### Court Commentary

[No Change]

## RULE 1.500.   DEFAULTS AND FINAL JUDGMENTS THEREON

**(a)   By the Clerk.** When a party against whom affirmative relief is sought has failed to file or serve any document in the action, the party seeking relief may ~~have the clerk enter a default against the party failing to serve or file such document~~file and serve a motion for default after the required time for a response has expired. The clerk must enter a default if the party against whom affirmative relief has been sought has failed to file or serve any document.

**(b)   By the Court.** When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the party seeking relief may file and serve a motion for default. The court may then enter a default against ~~such~~a party against whom affirmative relief is sought; ~~provided that if such party has filed or~~

- 5 -

~~served any document in the action, that party must be served with notice of the application for default.~~

**(c)** **Right to Plead and Right to Receive Service of Documents.** Until a default is entered against a party, all documents filed in the action or otherwise required to be served must be served on that party. A party may plead or otherwise defend at any time before default is entered. If a party ~~in default~~against whom a default has been entered files any document after the default is entered, the clerk must notify the party of the entry of the default. The clerk must make an entry on the progress docket showing the notification.

**(d)** [No Change]

**(e)** **Final Judgment.** Final judgments after default may be entered by the court at any time, but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other representative who has appeared in it or unless the court has made an order under rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account, ~~or~~ to determine the amount of damages, ~~or~~ to establish the truth of any averment by evidence, or to make an investigation of any other matter to enable the court to enter judgment ~~or to effectuate it~~, the court may receive affidavits, make references, or conduct hearings as it deems necessary. After notice to the defaulted party of any evidentiary hearing on the above matters and of any trials, and after service of the trial order in these circumstances, the court ~~and~~ must accord a right of trial by jury to the parties when required by the Constitution or any statute.

**Court Commentary**

[No Change]

- 6 -